UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
BERNHARD CHRISTIAN HELGASON          :
                                     :
        Plaintiff,                   :
                                     :    10 Civ. 5116 (PAC) (JCF)
    - against -                      :
                                     :    <u>ORDER ADOPTING R&R</u>
                                     :
JOHN DOE, *et al.*,                  :
        Defendants.                  :
--------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>September 13, 2011</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Bernhard Christian Helgason ("Helgason") commenced this civil rights action, *pro se*, against the New York State Division of Housing and Community Renewal ("DHCR"), certain of its employees, and the government of the State of New York, including the Governor and the Court of Appeals (collectively, "Defendants"). Specifically, Helgason alleges that Defendants violated his rights under the Equal Protection Clause, Due Process Clause, and First Amendment by (1) denying his procedural right to object when the owner of his building sought to increase the rent; (2) improperly approving this increase; and (3) applying the wrong standard of judicial review to that approval.

      On July 8, 2010, the Court referred the general pretrial matters and dispositive motions in the case to Magistrate Judge James C. Francis. (Dkt. 2.)  Defendants then moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), arguing that the Court lacks jurisdiction, the defendants have immunity, and the complaint fails to state a claim for legal relief. On June 24, 2011, Magistrate Judge Francis issued a Report and Recommendation ("R&R"), recommending that the Court grant the motion and dismiss the complaint. Helgason filed objections on August 10, 2011. For the following reasons, the Court ADOPTS the R&R in full and DISMISSES the complaint.

**BACKGROUND**

The Court assumes the parties' familiarity with the complaint's allegations, as summarized in the R&R. Briefly, in late 2006, the owner of 233 East 89th Street ("Building"), a rent-stabilized building, applied to DHCR to raise the rent in anticipation of a Major Capital Improvement ("MCI"). DHCR gave notice to the building's tenants, including Helgason, of the application and the procedure for commenting on the MCI documentation. Helgason requested an extension from DHCR to review the documentation. He submitted his request by certified mail and received a return receipt signed by a DHCR employee.

Notwithstanding Helgason's unanswered request, DHCR granted the proposed rent increase, indicating that there were no tenant responses, and gave instructions for filing a petition for administrative review. Helgason immediately did so and received an automatic response from DHCR, which stated that if there was no decision within ninety days, he could "consider the [petition] 'denied' and . . . begin a court proceeding asking for judicial review under Article 78 of the civil practice laws and rules." (R&R at 3).

Helgason waited ninety days and commenced Article 78 proceedings in New York Supreme Court. The court directed DHCR to enter a final administrative order on the merits of his claims so that it could make a ruling. DHCR issued an order acknowledging that it had "mishandled" Helgason's initial response to the building owner's notice, unintentionally violating his procedural rights. (Id. at 4). After reviewing the comments and evidence, DHCR affirmed the rent increase. It noted that Helgason had requested more time to review the documents and consult experts, but found that DHCR gave him the maximum amount of time possible in light of the court's deadline.

For reasons unrelated to this motion, Helgason ultimately filed a second Article 78 action in Supreme Court. The court there ruled that, while DHCR's actions were "far from exemplary," there was a rational basis for its approval of the rent increase. (R&R at 6). The Appellate Division affirmed this decision, finding Helgason's arguments "unavailing." Helgason v. N.Y.S. Div. of Housing & Community Renewal, 887 N.Y.S.2d 45, 45-46 (N.Y. App. Div. 1st Dep't 2009). The New York Court of Appeals denied leave to appeal, "absent . . . a substantial constitutional question." Helgason v. N.Y.S. Div. of Housing and Community Renewal, 925 N.E.2d 95 (N.Y. 2010).

On July 2, 2010, Helgason filed the present complaint, asserting violations of the Equal Protection Clause, Due Process Clause, and First Amendment. He argues that the DHCR withheld the rent increase application file, discriminated against tenants, violated their own administrative procedures, and ignored his response; and that the government of New York State, including the New York Court of Appeals, improperly deferred to DHCR's administrative decision. Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), on the grounds that this Court lacks jurisdiction, the defendants have immunity, and the complaint fails to state a claim for legal relief.

## REPORT AND RECOMMENDATION

Magistrate Judge Francis issued an R&R on June 24, 2011, recommending that this Court grant the motion to dismiss. He reasoned that the Rooker-Feldman doctrine barred the equal protection claim concerning the judicial review of DHCR's decision (plaintiff claims that the State Court judgment "caused" him injury) and that the remaining allegations were prohibited by the Eleventh Amendment (DHCR and the State of New York, including the New York Court of Appeals, are immune from federal jurisdiction); or failed to state a claim for legal relief.

On August 10, 2011, Helgason submitted his objections to the R&R. (Objections to the R&R ("Obj.") (Dkt. 30.)  The objections, totaling 47 pages, chiefly repeat his earlier assertions and arguments.[1]  He concludes that no public group should be allowed to show "contempt for the Constitution" and that his case should be allowed to proceed "so as to do justice."

The Court has reviewed the objections, and concludes that the R&R is complete, sound, and correct.  Accordingly, the Court adopts the R&R and dismisses the complaint.

## DISCUSSION

The Court affords special solicitude to *pro se* litigants. Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the recommendations of the magistrate judge, the court reviews the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).  The Court, however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

### 1.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine proscribes district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  A claim brought in federal court is

---

[1] On June 24, 2011, Helgason also submitted a letter attaching the recent Supreme Court case, Brown v. Plata, 131 S. Ct. 1910 (2011), which held that the conditions caused by overcrowding in California State prisons violated the 8th Amendment.  The Court has reviewed the case and Helgason's commentary, and find them to be inapposite.

"inextricably intertwined" with a state court judgment and, therefore, barred, even if the state court did not rule on it, if it meets the following requirements:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85-86 (2d Cir. 2005) (internal quotations and alterations omitted).

Magistrate Judge Francis correctly concluded that one of Helgason's claims—that the New York courts improperly applied a deferential standard in reviewing DHCR's decision—sought reversal of a state court judgment that allegedly caused him injury. The Rooker-Feldman doctrine, therefore, bars this claim.

   2. **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal court jurisdiction over state governments "unless they have waived their Eleventh Amendment immunity, [or Congress has] abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). This bar extends to suits against state agencies, such as DHCR, Gray v. Internal Affairs Bureau, 292 F. Supp. 2d 475, 476 (S.D.N.Y. 2003); officials of state agencies sued in their official capacities, Crockett v. Pataki, No. 97 Civ. 3539, 1998 WL 614134, at *4-5 (S.D.N.Y. Sept. 14, 1998); and branches of state government, such as the Unified Court System, Gollomp, 568 F.3d at 366-67.

Magistrate Judge Francis properly determined that the Court lacks subject matter jurisdiction over Helgason's claims against DHCR, the government of the State of New York

5

(including the New York State Court of Appeals); as well as his claims for money damages against DHCR officials sued in their official capacity.

### 3. Constitutional Claims

The remaining claims are for money damages against DHCR officials in their personal capacities, and for injunctive and declaratory relief against these officials in either capacity. Magistrate Judge Francis properly reviewed the alleged constitutional violations of Helgason's Due Process Clause, Equal Protection Clause, and First Amendment rights under 42 U.S.C. § 1983, and correctly concluded that none stated a claim. (R&R at 20 (citing McLawrence v. Department of Corrections, No. 08 Civ. 11095, 2010 WL 2710640, at *3 (S.D.N.Y. July 8, 2010))).

#### A. Due Process

Helgason alleges that DHCR violated his due process rights by failing to grant him an extension of time in which to investigate and comment upon the MCI rent increase application, failing to give him an opportunity to access the application file in DHCR's Manhattan office, and ignoring his comments. (Compl. at 14, 17, 21).

"[I]n considering whether defendants have failed to afford plaintiffs due process . . . the Court evaluates the entire procedure, including the adequacy and availability of remedies under state law.'" Dibbs v. Roldan, 356 F. Supp. 2d 340, 353 (S.D.N.Y. 2005) (quotations omitted). It is a flexible, case-specific inquiry. See Spinelli v. City of N.Y., 579 F.3d 160, 170 (2d Cir. 2009). Even when a person is deprived of property, an adequate postdeprivation remedy can cure this harm. See Vargas v. City of N.Y., 377 F.3d 200, 208 (2d Cir. 2004).

Assuming that Helgason had a property interest in the outcome of the rent increase application, an Article 78 proceeding provides a meaningful post-deprivation remedy for alleged

violations of due process by a local governmental entity. See Vargas v. City of N.Y., 377 F.3d 200, 208 (2d Cir. 2004). This is particularly true when, as here, the alleged misconduct was "random and unauthorized," rather than the result of a policy. See Albright v. Oliver, 510 U.S. 266, 284 (1994) ("[A] state actor's random and unauthorized deprivation of [an] interest cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy."). Helgason fully accessed the state courts to protect such property interest, as it existed. Accordingly, he has not alleged facts necessary to state a claim for deprivation of Due Process.

### B. Equal Protection

Helgason alleges that DHCR unlawfully favored landlords by not requiring certain supporting documents for MCI rent increase applications, and by arbitrarily refusing to give him access to the application file. (Compl. at 12-13, 22). The Equal Protection Clause guarantees the "right to be free from invidious discrimination in statutory classifications and other government activity." Laupot v. City of N.Y., No. 01 Civ. 3294, 2002 WL 83673, at *2 (S.D.N.Y. Jan. 18, 2002) (internal quotations omitted). In order to state a claim for a violation, the plaintiff must establish his membership in a class that receives special protection under the Constitution, such as race or gender. Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). Tenants—even of rent-controlled or rent-stabilized buildings—are not a protected class. Laupot, 2002 WL 83673, at *2.

A plaintiff who cannot claim membership in a protected class must allege "that the defendants intentionally treated him differently from others similarly situated without any rational basis." Price v. City of New York, 264 Fed. Appx. 66, 68 (2d Cir. 2008). Here, Helgason has not alleged that his differential treatment was intentional. Furthermore, the

challenged policies are rationally related to the state's interest in minimizing the burden of investigating and verifying these applications. Accordingly, Helgason fails to state a claim under the Equal Protection Clause.

### C. Free Speech

Helgason alleges that DHCR violated his freedom of speech by "deliberate[ly] and willful[ly]" ignoring his response to the notice, and by failing to publicly correct its statement that there were no tenant responses. (Compl. at 21). He contends that "[f]reedom of speech . . . includes [the] right not to have your actual speech misrepresented and/or falsified." (Compl. at 21).

While the First Amendment protects the "rights to complain to public officials and to seek administrative and judicial relief," Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994), it "provides no guarantee that a speech will persuade or that advocacy will be effective . . . [and] does not impose any affirmative obligation on the government to listen [or] to respond." Smith v. Ark. State Highway Employees, Local 1315, 441 U.S. 463, 465 (1979) (quotations omitted). Accordingly, Helgason's allegations that his response inadvertently was not considered or referenced are insufficient to state a claim for violation of the First Amendment.

## **CONCLUSION**

Accordingly, the Court ADOPTS the R&R in full and DISMISSES the complaint. The Clerk of Court is directed to close this case.

Dated: New York, New York
September 13, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Bernhard Christian Helgason
233 East 89th St., Apt. D3
New York, NY 10128